ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| HACIENDA TULIPANES INC Y OTROS<br><br>Recurridos<br><br>v.<br><br>CRIADERO LA GLORIA INC Y OTROS<br><br>Peticionarios | KLCE202300798 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2023CV00717<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparecen Criadero La Gloria, Inc., Crazy Horse, Inc. y Edgardo Vélez Ríos (demandados o peticionarios). Nos solicitan la revocación de una *Resolución*[1] emitida y notificada el 14 de junio de 2023 por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario). En ella, el foro primario denegó la solicitud de desestimación que instaron los peticionarios, junto a otros codemandados. A su vez, invocan nuestra intervención sobre la anotación de rebeldía que notificó el TPI el 5 de julio de 2023.[2]

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

## I.

Hacienda Tulipanes, Inc., Florencio Berríos Castrodad, Irma Sara Casillas Santos y la sociedad legal de gananciales compuesta por ambos (demandantes) incoaron la *Demanda*[3] de epígrafe en contra de Criadero La Gloria, Inc.; Edgardo Vélez Ríos, Gloribel

---

[1] Apéndice, págs. 82-83.
[2] Apéndice, pág. 87.
[3] Apéndice, págs. 1-17.

Número Identificador:

RES2023_____

Miranda Navarro y la sociedad legal de gananciales compuesta por ambos; demandado desconocido X; Crazy Horse, Inc.; Carlos Villegas; Corporación ABC; Julian André Quintana Mathew; Asociación de Caballistas de Puerto Rico, Corp,; Caballista Ortiz ACPR; Javier Ortiz; y Compañía ABC. La aludida demanda contiene cuatro causas de acción, a saber: incumplimiento de contrato,[4] dolo,[5] descorrer el velo corporativo,[6] costas y honorarios de abogado.[7]

En un pleito independiente (caso CG2022CV01555),[8] los demandantes reclamaron a los demandados $448,000.00 por concepto de los cánones de arrendamiento, más intereses y penalidades, correspondientes a los cuatro años que estuvieron en posesión, uso, disfrute y control absoluto del inmueble arrendado, previo al dictamen (caso CG2020CV00535)[9] mediante el cual, el TPI ordenó el desalojo de Criadero La Gloria del referido predio.

En reacción a la demanda instada, el 24 de mayo de 2023, los demandados presentaron una *Solicitud de desestimación y honorarios de abogado por temeridad.*[10] En ella, solicitaron la desestimación de la causa invocando las doctrinas de bifurcación o fragmentación de los procedimientos, por entender que, lo

---

[4] Surge de las alegaciones de la demanda que, los demandantes son los dueños de la Hacienda Madrigal sita en Cidra, Puerto Rico y que estos arrendaron dicho lugar a la Hacienda Tulipanes, Inc., quién a su vez, suscribió con Criadero La Gloria (Criadero), un contrato de arrendamiento para realizar un negocio dedicado exclusivamente a caballos de paseo. Surge además que, Criadero, su presidente Edgardo Vélez y la ex esposa de este, Gloribel Miranda Navarro, subarrendaron espacios de la finca a vendedores ambulantes. Al mismo tiempo, subarrendaron parte de la finca a Carlos Villegas y a Julián Quintana, quiénes a su vez, arrendaron espacios en los potreros a terceros. Según las alegaciones, los demandados incurrieron en un patrón de incumplimiento contractual ante la falta de mantenimiento y limpieza de la propiedad arrendada, al realizar allí actividades prohibidas según el contrato y al no pagar por el servicio de energía eléctrica, entre otros incumplimientos.
[5] En cuanto a su causa de acción por dolo contractual, los demandantes explicaron que, a la fecha del desalojo, los demandados dejaron el lugar con animales muertos, equipos de ventanas rotas, baños en deterioro, demostrando total abandono y daños entre otros.
[6] El objetivo de esta reclamación es que los demandados respondan en su carácter personal por sus presuntos incumplimientos y actos ilegítimos.
[7] Según los demandantes, los demandados fueron temerarios al negarse a reconocer y cumplir sus obligaciones contractuales.
[8] *Hacienda Tulipanes, Inc. v. Criadero La Gloria, Inc. y Otros*, sobre cobro de dinero.
[9] *Hacienda Tulipanes, Inc. v. Criadero La Gloria, Inc.*, sobre desahucio sumario.
[10] Apéndice, págs. 37-40.

reclamado en el caso de epígrafe, guarda relación con otro pleito entre las mismas partes, caso E AC2016-0358.[11] Adujeron que, la parte demandante incoó la causa de acción de epígrafe con el fin de presentar defensas y alegaciones que no pudo levantar en el referido caso por estar en rebeldía.

A lo antes, la parte demandante se opuso[12] y señaló que no se cumplen los elementos de las doctrinas que invocaron los demandados. Adujo que, la reclamación de epígrafe no es recobrable en el caso E AC2016-0358 por ser de naturaleza y finalidad distinta.

Según surge del expediente, mediante *Resolución* notificada el 14 de junio de 2023, el TPI denegó la moción de desestimación de los codemandados, por entender que "[...] es en realidad una solicitud de sentencia sumaria, la cual no cumple con la Regla 36.3 de Procedimiento Civil; ergo se deniega la misma".[13] En igual fecha, el foro primario emitió otra *Resolución[14]* en la cual citó la Regla 10.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, para ilustrar a los demandados en cuanto al término aplicable para instar una alegación responsiva, luego de la denegatoria de una moción dispositiva.

Catorce días después, la parte demandante solicitó la anotación de rebeldía de los demandados[15] tras vencer el término de diez (10) días que tenían para acreditar su contestación a la demanda, tal cual dispone la Regla 10.1 de las Reglas de Procedimiento Civil, *supra.* Evaluado lo anterior, el 5 de julio de 2023, el TPI anotó la rebeldía a Criadero, Crazy Horse, Inc. y Edgardo Vélez.

---

[11] *Criadero La Gloria, Inc., et al. v. Hacienda Tulipanes, Inc., et al.*, sobre incumplimiento de contrato.
[12] Apéndice, págs. 74-81.
[13] Apéndice, pág. 83.
[14] Apéndice, pág. 84. El TPI expuso y citamos: "La Regla 10.1 de Procedimiento Civil dispone el término para formular alegación responsiva cuando es denegada una moción dispositiva."
[15] Apéndice, págs. 85-86.

Inconforme, el mismo día, los demandados solicitaron la reconsideración de la anotación de rebeldía.[16] Resaltaron que, el TPI debería "resguardar" el término para ellos recurrir ante el Tribunal de Apelaciones sobre la denegatoria de su moción dispositiva. Atendido el referido petitorio, mediante *Resolución* emitida el 6 de julio de 2023, el TPI determinó que "no habiéndose contestado la demanda, No Ha Lugar".[17]

Insatisfechos, los demandados acuden ante esta Curia y señalan los siguientes errores:

> Erró el Tribunal de Primera Instancia al no desestimar la demanda en cuanto los comparecientes, en aras de evitar la duplicidad y fragmentación indebida de la causa de acción de incumplimiento de contrato.

> Erró el Tribunal de Primera Instancia al no reconsiderar la anotación de rebeldía a los comparecientes aun cuando la denegatoria de la moción dispositiva estaba en término para solicitar la revisión de este Tribunal de Apelaciones, abusando de su discreción y coartando el derecho de requerir revisión apelativa de la resolución.

En cumplimiento con nuestra *Resolución*, la parte recurrida acredita su alegato en oposición, por lo que, con el beneficio de las comparecencias de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante

---

[16] Apéndice, págs. 88-89.
[17] Apéndice, pág. 91.

auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar

en consideración al evaluar si procede expedir el auto de *certiorari*.
La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

**III.**

Los peticionarios solicitan que ejerzamos nuestra función discrecional para dejar sin efecto tanto el dictamen del foro primario que denegó su petitorio de desestimación, así como la *Resolución* mediante la cual el TPI anotó la rebeldía a los demandados.

En su recurso destacan que, para una mejor comprensión del caso y controversia es pertinente tomar conocimiento sobre el pleito civil número E AC2016-0358 que, a su entender, versa sobre los mismos hechos y sobre el mismo contrato de arrendamiento. En el referido caso, el TPI anotó la rebeldía a la Hacienda Tulipanes,

determinación que no fue objeto de revisión, toda vez que un panel hermano de esta Curia se negó a expedir el auto de *certiorari* en los recursos instados por ambas partes (KLCE202200888 y KLAN202200806).[18] Arguyen que, dicho asunto continúa pendiente ante la sala 802 del TPI, Sala de Caguas y que la demanda de epígrafe resulta ser un intento de fraccionar las causas de acción e instar lo que debió ser una reconvención compulsoria como estrategia para levantar la rebeldía. De otra parte, sostienen que el foro primario abusó de su discreción al anotar la rebeldía aun cuando estaba pendiente el término para recurrir de la denegatoria de la solicitud de desestimación ante esta Curia.

Por su parte, los recurridos se oponen a la expedición del auto de *certiorari*. Arguyen que, el foro primario actuó conforme a derecho al denegar la solicitud de desestimación porque no se configuran las doctrinas de bifurcación e impedimento colateral que invocan los peticionarios. Discuten además que, el TPI no incidió al anotar la rebeldía de los peticionarios por estos no presentar su alegación responsiva oportunamente. Ello, bajo la premisa equivocada de que la presentación del recurso de *certiorari* paraliza los procedimientos ante el foro primario.

Cabe puntualizar que, ante un auto de *certiorari* que impugna la denegatoria a una moción de carácter dispositivo, así como la anotación de rebeldía, la Regla 52.1 de Procedimiento Civil, *supra*, nos confiere facultad para determinar si el recurso reúne los criterios para la expedición del auto, conforme establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

En virtud de lo anterior, debemos dilucidar, en esta etapa de los procedimientos, si el foro primario cometió un error de derecho o si actuó arbitrariamente o en exceso de su discreción al denegar

---

[18] El recurso de apelación fue acogido como *certiorari*.

una moción de desestimación de la demanda. Ello, tras evaluar y luego rechazar los planteamientos de los peticionarios sobre la duplicidad y fragmentación indebida de la reclamación sobre incumplimiento de contrato incoada en el caso E AC2016-0358.

De igual manera, nos corresponde determinar si el TPI se extralimitó en sus facultades judiciales o si incidió en derecho al anotar la rebeldía a los peticionarios y al negarse a levantar la misma. Surge del expediente que, como secuela a la notificación de la *Resolución* el 14 de junio de 2023, mediante la cual denegó el petitorio de desestimación de los demandados, el TPI notificó otra *Resolución,* el 16 de junio de 2023, haciendo referencia al término que dispone la Regla 10.1 de Procedimiento Civil, *supra,* para los demandados acreditar una alegación responsiva. El 5 de julio de 2023, a instancias de los demandantes, el foro recurrido anotó la rebeldía a los demandados. En respuesta al petitorio de reconsideración de los demandados, el TPI notificó una *Resolución* el 6 de julio de 2023 haciendo constar que se negaba a reconsiderar debido a que los demandados no contestaron la demanda.

Tras un examen detenido del recurso de epígrafe, concluimos que los argumentos en apoyo a la postura esbozada por los peticionarios no cumplen con los criterios doctrinales reconocidos a los fines de validar la expedición del auto y corrección de su reclamo. Por ello, no procede determinar que el foro primario incurrió en error manifiesto o de forma arbitraria, caprichosa, o abusiva, en los pronunciamientos judiciales recurridos. En ausencia de fundamento alguno que haga meritorio soslayar la norma de abstención judicial que, en dictámenes como los presentes, regula nuestra facultad discrecional de intervención y revisión, lo razonable es abstenernos de ejercer nuestra función revisora en esta etapa de los procedimientos. Añádase a ello que, tampoco los peticionarios

han acreditado que en la presente causa existan factores que apunten a un fracaso a la justicia.

**IV.**

Por todo lo anterior, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones